FUSCO & MACALUSO, P.A.
150 Passaic Avenue
P.O. Box 838
Passaic, New Jersey 07055
(973)-779-1163
Attorneys for Defendant,
Saleem Jordan

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF NEW YORK
```

| | | |
|---|---|---|
| **UNITED STATES,** | : | Docket Number: 08CR379(RPP) |
| Plaintiff, | : | Honorable Robert P. Patterson, |
| | : | U.S.D.J. |
| v. | : | |
| | : | **NOTICE OF MOTION IN SUPPORT OF** |
| **SALEEM JORDAN, ET AL** | : | **PRETRIAL MOTIONS ON BEHALF OF DEFENDANT,** |
| Defendant. | : | **SALEEM JORDAN** |
| | : | |

To: Brent S. Wible, Esq.
    United States Attorney's Office
    1 St. Andrew's Plaza
    New York, New York 10007

**PLEASE TAKE NOTICE** that on September 24, 2008 at 4:00 p.m., or as soon thereafter as counsel may be heard, the undersigned attorney for Defendant, **SALEEM JORDAN**, shall move before the Honorable Robert P. Patterson, U.S.D.J., United States District Court, 500 Pearl Street, New York, New York, for the following relief:

1. Suppression of all statements of defendant, and suppression of all physical evidence derived therefrom.

2. An order granting a bill of particulars.

3. An Order granting discovery of the Government's expert testimony.

4. An Order granting pretrial production of F.R.E. 404(b) evidence.

5. An Order granting production of Jencks Act and Giglio materials.

6. An order allowing counsel to file additional discovery motions in this matter.

7. For an Order granting a Bill of Particular.

8. For an Order severing the trial of Saleem Jordan pursuant to Rule 8 and 14 of Federal Rules of Criminal procedure.

9. For an Order allowing defendant to join in the motions of co-defendants, where applicable.

**PLEASE TAKE FURTHER NOTICE** that in support of the within application, reliance will be placed upon the annexed Brief, and Certification.

**PLEASE TAKE FURTHER NOTICE** that oral argument is respectfully requested.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted.

                                        Respectfully submitted,
                                        FUSCO & MACALUSO, P.A.

DATED: August 29, 2008                  /s/Anthony J. Fusco, Jr.
                                        Anthony J. Fusco, Jr.
                                        Attorneys for Defendant

```
        UNITED STATES DISTRICT COURT
      IN THE SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES, | : CRIMINAL NUMBER 08CR379(RPP) |
| Plaintiff, | : HONORABLE ROBERT B. PATTERSON, |
| | : U.S.D.J. |
| v. | : |
| SALEEM JORDAN, ET ALS. | : |
| Defendants. | : |

MEMORANDUM OF LAW IN SUPPORT OF PRETRIAL MOTIONS
ON BEHALF OF DEFENDANT, SALEEM JORDAN

```
                    FUSCO & MACALUSO, P.A.
                    150 Passaic Avenue
                    P.O. Box 838
                    Passaic, New Jersey 07055
                    (973)-779-1163
                    Attorneys for Defendant,
                    SALEEM JORDAN
```

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Defendant Saleem Jordan is named in Count Three of the indictment. He is charged with conspiring with others to distribute more than 5 kilograms of cocaine and more than 100 kilograms of marijuana between January 2008 and April 2008. He is also named in the forfeiture.

Mr. Jordan has entered pleas of "Not Guilty" to the allegations of the indictment.

Defendant now seeks the following relief:

1. Suppression of all statements of the defendant pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, and suppression of all physical evidence derived therefrom;

2. The granting of a Bill of Particulars;

3. Discovery of the Government's anticipated testimony from expert witness(es);

4. Pretrial production of anticipated F.R.E. 404(b) evidence;

5. Production of Jencks Act and Giglio materials;

6. Production of Brady materials;

7. Permission to file additional motions, if necessary; and

8. Permission to join in the motions filed by co-defendants, if applicable.

9. The granting of a Bill of Particulars;

10. Leave to file additional motions pertaining to discovery issues.

LEGAL ARGUMENT

POINT I

**THE DEFENDANT REQUESTS A <u>MIRANDA</u> HEARING, SUPPRESSION OF ALL STATEMENTS AND SUPPRESSION OF ALL EVIDENCE SEIZED IN SUBSEQUENT SEARCHES.**

The Fifth Amendment to the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. That privilege is known as the privilege against self-incrimination.

"A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Jackson v. Denno, 378 U.S. 368, 380 (1964). The burden of proof is on the Government to prove beyond a reasonable doubt that a defendant made a knowing and intelligent waiver of his Miranda rights in order to allow a confession to be admitted at trial. Miranda v. Arizona, 384 U.S. 436 (1966); United States v. Jaswal, 47 F.3d 539, 542 (2d Cir. 1995).

In order to be admissible at trial, a defendant's statement must be voluntary. The classic test of voluntariness is whether the confession is "the product of an essentially free and unconstrained choice by the maker." Culombe v. Connecticut, 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed. 2d 1037, 1057 (1961); see State v. Burros, 145 N.J. 509, 525 (1996) ("ultimately, the question is whether the defendant's will was overborne").

2

The issue in a Miranda hearing is "whether, under the totality of the circumstances, defendant's statements were freely and voluntarily given." Jaswal, supra, at 542. Even where effective Miranda warnings are given, to prove a valid waiver, the Government must show (1) that the relinquishment of the defendant's rights were voluntary, and (2) that the defendant had a full awareness of the consequences of waiving the right. Id.

Finally, Miranda warnings are required when a person has been deprived of his or her freedom in some significant way. Beckwith v. United States, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976). The Fourteenth Amendment to the Constitution requires the suppression of statements obtained by "techniques and methods offensive to due process." Haynes v. Washington, 373 U.S. 503, 515, 83 S.Ct. 1336, 10 L.Ed. 513 (1963). Miranda provides that the voluntariness of a confession must be established beyond a reasonable doubt to pass constitutional standards. Miranda v. Arizona, 384 U.S. 436 (1966).

The question of whether a confession was involuntarily made and thus violative of due process is determined by a totality of the circumstances test. Withrow v. Williams, 507 U.S. 680, 689, 113 S.Ct. 1745, 1755, 123 L.Ed.2d 407, 417 (1993). In determining whether a statement is voluntary, Supreme Court precedent requires consideration of "the totality of the circumstances – both the characteristics of the accused and the details of the interrogation." Dickerson v. United States, 530 U.S. 428, 434,

3

120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)); Lam v. Kelchner, 304 F.3d 256, 264 (3d Cir. 2002). The surrounding circumstances include "not only the crucial element of police coercion," Colorado v. Connelly, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986), but may also include "the length of the interrogation, its location, its continuity, the defendant's maturity, education, physical condition, and mental health." Withrow v. Williams, 507 U.S. 680, 693, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993).

Miranda applies when a person is in custody. United States v. Newton, 369 F.3d 659, 669 (2d Cir. 2004). The constitutional protections afforded by Miranda are violated when coercive pressures are used to undermine a person's will to resist and compel him to speak. Newton, supra.

As detailed in the Certification of Mr. Jordan, a hearing is warranted in this matter to determine whether any statements made by him were the product of his will being overborne by coercive police tactics, and whether he was in custody at the time the statements were made. When the questioning was initiated, Mr. Jordan had no clothing on and was handcuffed. The Court should suppress all statements obtained in violation of Miranda and related caselaw.

In addition, consistent with Wong Sun v. United States, 368 U.S. 973 (1962), defendant seeks the suppression of any physical

4

evidence obtained through searches which were derivative of the illegally obtained statement.

POINT II

A BILL OF PARTICULARS SHOULD BE GRANTED.

Defendant respectfully seeks a Bill of Particulars to identify the "drugs referenced in Overt Act 10(b) of Count Three of the indictment. Federal Rule of Criminal Procedure 7(f) allows the District Court to direct the filing of a Bill of Particulars. The rule is to be liberally interpreted to enable an accused to meet the charges against him. United States v. O'Connor, 237 F.2d 466, 475-476 (2d Cir. 1955).

POINT III

THE DEFENDANT SHOULD BE PERMITTED TO FILE ANY ADDITIONAL DISCOVERY MOTIONS WHICH MAY BECOME NECESSARY.

Defendant respectfully seeks permission to file additional motions which may become necessary on the basis of information not yet supplied. Under Federal Rule of Criminal Procedure 12(f), the Court may grant leave to file motions previously not raised for good cause shown. The discovery or disclosure of new information necessitating the filing of such motions constitutes good cause.

To date, counsel has not had an opportunity to review all of the recordings of electronic surveillance conversations with defendant. Doing so may warrant filing additional motions addressed to discovery issues in this matter.

5

POINT IV

**DEFENDANT'S MOTION FOR DISCOVERY OF THE GOVERNMENT'S ANTICIPATED EXPERT TESTIMONY SHOULD BE GRANTED.**

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure provides that at the defendant's request, the Government must produce a written summary of any testimony that the Government intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence during its case-in-chief at trial. The summary must include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. To date, the Government has not provided the defense with this information about any witness or witnesses it intends to produce on any subject.

This information is needed to enable the Court to perform its gatekeeping function under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999), and to enable the defense to prepare for trial. Before any expert witness is allowed to testify before the jury, a Rule 104 hearing should be held to determine if the expert is qualified, and if the testimony is based upon sufficient facts and data; whether the testimony is the product of reliable principles and methods and whether the witness has applied the principles and methods reliably to the facts of the case. Rule 702 of the Federal Rules of Evidence.

Summaries should be provided, and a Federal Rule of Evidence 104(a) hearing should be held to evaluate the witness(es)'s qualifications and the "fit" of the proposed testimony.

6

POINT V

**DEFENDANT'S MOTION FOR DISCOVERY OF FEDERAL RULE OF EVIDENCE 404(b) EVIDENCE SHOULD BE GRANTED.**

Defendant respectfully requests that the Court schedule a date certain for the Government to provide notice to the defense of all F.R.E. 404(b) evidence it intends to offer against Saleem Jordan at trial. Defendant reserves the right to object to the introduction of any and all such material, subject to the appropriate Federal Rules of Evidence.

POINT VI

**DEFENDANT'S MOTION FOR PROUCTION OF JENCKS ACT AND GIGLIO MATERIALS SHOULD BE GRANTED.**

Paragraph 4 of the Order for Discovery and Inspection provides that the Government shall provide all statements within the meaning of the Jencks Act, 18 U.S.C. Section 3500, and impeachment evidence within the meaning of Giglio v. United States, 405 U.S. 150 (1972), "sufficiently in advance of the witness's testimony to avoid delay in the trial." Defendant respectfully requests the Court to schedule a date for the production of Jencks Act and Giglio materials.

POINT VII

**DEFENDANT'S MOTION FOR PRODUCTION OF BRADY MATERIALS SHOULD BE GRANTED.**

Defendant seeks the production of Brady v. Maryland, 371 U.S. 812 (1962), material known or which by the exercise of due diligence is known to the attorney for the United States which is favorable to the defense related to issues of guilt, lack of guilt or punishment within

the meaning of Brady v. Maryland and related cases. The defense seeks discovery of all such information.

POINT VIII

**THE DEFENDANT SHOULD BE PERMITTED TO FILE ANY ADDITIONAL DISCOVERY MOTIONS WHICH MAY BECOME NECESSARY.**

Defendant respectfully seeks permission to file additional motions which may become necessary on the basis of information not yet supplied. Under Federal Rule of Criminal Procedure 12(f), the Court may grant leave to file motions previously not raised for good cause shown. The discovery or disclosure of new information necessitating the filing of such motions constitutes good cause.

POINT IX

**THE DEFENDANT SHOULD BE PERMITTED TO JOIN IN THE MOTIONS OF CO-DEFENDANTS WHERE APPROPRIATE.**

Defendant respectfully seeks permission to join in the motions of co-defendants where appropriate. Defendant specifically joins in the motions for severance filed by co-defendants Malik Ingram and Winston Smith.

Mr. Jordan is named in Count Three only. Count One charges defendants Raymond DaCosta and Malik Ingram with conspiracy to distribute "crack" cocaine between the dates of August 2007 and November 2007 (Indictment, Count One). Mr. Jordan is charged with criminal conduct commencing in January 2008. (Indictment, Count Three).

8

It is conceded that the jury may well be able to compartmentalize these two distinct allegations and conspiracies. However, the prejudicial spill-over to Mr. Jordan will be irreversible due to the negative public perceptions of "crack" cocaine. A separate trial should be conducted as to Count Three of the Indictment.

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that the pretrial motions of defendant should be granted.

>Respectfully submitted,
>FUSCO & MACALUSO, P.A.
>
>__/s/Anthony J. Fusco, Jr.__
>Anthony J. Fusco, Jr.

Dated: August 29, 2008

RAYMOND BACOTT

DOCKET NUMBER 08 cr 379 (RPP)

SALEEM JORDAN, residing at MDC Brooklyn, New York, hereby declares as follows:

1. I am the defendant in the above-captioned matter; as such, I am familiar with the facts set forth herein.

2. I am 29 years of age. I was born in Orange, New Jersey.

3. I completed the 12th grade of high school by G.E.D.

4. On April 10, 2008, I was arrested by law enforcement officers in New Jersey.

5. After I was questioned by law enforcement officers, I was given Miranda warnings.

6. When law enforcement officers came into my home, I was not wearing clothing & I was handcuffed before I was questioned.

_Saleem Jordan_
SALEEM JORDAN

Sworn & Subscribed to this 29th day of August 29, 2008 before

_Paulette Pitt_
PAULETTE PITT - An Attorney-at-Law of the State of New Jersey